UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEROME A. YOUNG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-03425-WTL-DML ) |
| TERRY R. CURRY, SHATRESE M. FLOWERS, | ) ) ) |
| Defendants. | ) |

**Entry Discussing Motion to Proceed *In Forma Pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 2, is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of One Dollar and Forty Cents ($1.40). The plaintiff shall have **through October 25, 2017**, in which to pay this sum to the clerk of the district court.

Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The plaintiff is a prisoner currently incarcerated at Marion County Jail II. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a

claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Marion County Prosecutor Terry Curry and Judge Shatrese Flowers. He alleges that Judge Flowers violated his Fourth Amendment rights by permitting a no-knock search of his house and also violated his right to a speedy trial. The plaintiff alleges that Mr. Curry is charging him with the illegal possession of marijuana and a handgun only out of spite because cocaine was not found during the search as the prosecutor's office had hoped. The plaintiff seeks monetary damages from the defendants and the disbarment of Judge Flowers.

The plaintiff's claims against Judge Flowers must be **dismissed** because they are barred by absolute immunity. Judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

The plaintiff's claims against Mr. Curry are also barred by absolute immunity. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors,

even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, --- F.3d ----, 2017 WL 3709149, *5 (7th Cir. 2017). Absolutely immunity does not apply when the challenged actions "are not intimately associated with the judicial phase of the criminal process," or "when [prosecutors] are performing non-prosecutorial actions, such as administrative and investigatory activities." *Id.* (citation and quotation marks omitted). But the plaintiff's claims against Mr. Curry do not fall into either exception to absolute immunity, as he challenges the decision to charge him based on the evidence recovered after the search of his house.

### III.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through October 25, 2017**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 9/28/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEROME A. YOUNG
231894
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202